## HARJO v. CAMP et al.
### No. 3620.

Circuit Court of Appeals
Tenth Circuit.
Aug. 9, 1948.

James W. Rodgers, of Holdenville, Okl., and Ed A. Edmondson, Jr., of Muskogee, Okl. (R. M. Mountcastle, of Muskogee, Okl., on the brief), for appellant.

G. C. Spillers, of Tulsa, Okl., and Forrester Brewster, of Muskogee, Okl. (G. C. Spillers, Jr., of Tulsa, Okl., and T. H. Williams, Jr., W. A. Billingsley and Allen G. Nichols, all of Wewaka, Okl., and Forrester Brewster, on the brief), for appellees.

A. Devitt Vanech, Asst. Atty. Gen., Cleon A. Summers, U. S. Atty., of Muskogee, Okl., and John F. Cotter and S. Billingsley Hill, both of Washington, D. C., for the United States.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Alex Harjo, an enrolled Seminole Indian of three-fourths blood, instituted this action against the surviving children and heirs of deceased children of Nitey Harjo, deceased, an enrolled Seminole Indian of full blood, seeking a determination of the heirs of Nitey, an accounting of her estate, a cancellation of a deed from him to Nitey's children, and a decree that he, as husband of Nitey, was an heir and entitled to one-sixth of her estate. His cause of action was based on the claim that he was Nitey's husband at the time of her death; that as such, he was entitled to one-sixth of her estate; that her will leaving all of her property to others did not deprive him of that share because of the law of Oklahoma making a forced heir of a spouse not mentioned in a will; [1] and that the compromise and settlement to which he agreed and pursuant to which he conveyed away by deed and relinquished his interest in her estate was void because he was paid only $68,000.00 of a consideration of $125,000.00 called for by its terms.

The trial court found that Nitey died testate in 1930; that her will was admitted to probate in the County Court of Seminole County, Oklahoma, in 1930; that the final decree in the Probate Court was entered in 1937, adjudging and decreeing that the heirs and devisees were her five sons; that no appeal was taken from the decree and order of disposition. The court also found that in 1932 Harjo had applied to the County Court of Seminole County, Oklahoma, for approval of a deed by him conveying all his right, title and interest in Nitey's estate to the same five sons; that his petition for such approval recited that the deed was given pursuant to a compromise settlement whereby he was to release and relinquish any and all right he might have in Nitey's estate, as her husband, in consideration of the payment to him of $68,000.00; that the deed having the approval of the Secretary of the Interior, was approved by the County Court and that Harjo received the $68,000.00. Based upon these findings, the court concluded, as a matter of law, that by virtue of the settlement made with the approval of the Secretary of the Interior and the County Court and in payment of the $68,000.00 to Harjo and by virtue of the admission of Nitey's will to Probate, the determination of heirship and the distribution of the estate to those found to be the heirs, Harjo had no interest in her estate and was entitled to no relief. Based upon these findings and conclusions of law, the appellees' motion in the court below to dismiss Harjo's cause of action was sustained and such a judgment was entered. On further hearing on appellee's counter-claim the court concluded that by the execution of the release and satisfaction of any interest to any property belonging to Nitey's estate in consideration of the payment of $68,000.00, Harjo had released any interest he might have had in the estate and that his claim constituted a cloud on appellee's title. A further judgment was accordingly entered enjoining him from asserting any claim to Nitey's estate. From these judgments this appeal followed.

Three assignments of error are urged for reversal. They are:

1. That the purported settlement of Harjo with the children of Nitey was a nullity;

**2.** That Harjo was the lawful husband of Nitey;

3. That Nitey's will did not disinherit him because he was not mentioned therein as required by the Oklahoma Statutes.

---

[1] Section 44, Title 84 O.S.1941.

It is urged that the settlement in which Harjo relinquished any right, title and interest in Nitey's estate, and gave a quitclaim deed evidencing such relinquishment in consideration of $68,000.00 paid to him. was void because it was not made on a full understanding of the facts as to Harjo's interest in the estate and because it was not made in the manner provided for such settlement and with the approval of the County Court, the parties thereto being restricted Indians. In support of this contention, it is urged that Harjo understood that he was to receive the $125,000.00 instead of the $68,000.00, which he did receive. It is contended that the real settlement to which Harjo consented was for the payment of $125,000.00 to him for relinquishment of his interest in the estate.

It is true that an agreement was reached by the attorneys and representatives of Harjo and appellees in which it was agreed that Harjo was to receive $125,000.00 for a relinquishment of his claim against Nitey's estate and that the Commissioner of Indian Affairs consented thereto. His consent was conditioned, however, upon the approval thereof by the County Court. That court refused to approve such settlement. The interested parties thereupon entered into new negotiations resulting in an agreement under which Harjo was to receive $68,000.00, in relinquishment of all claim against Nitey's estate. This agreement was approved by the First Assistant Secretary of the Interior Department, February 3, 1932. After this agreement was reached, Harjo filed a petition with the County Court setting out the terms of the agreement and reciting the consideration he was to receive thereunder. He also submitted for approval a quitclaim deed conveying all his interest in Nitey's estate to appellees and asked the County Court's approval of the settlement and of the quitclaim deed. His petition recited that "petitioner would further show that he full understands the English language, understands the transaction and believes it is a fair and just settlement of the rights of all parties and should be consummated, and that therefore he respectfully prays this court to approve said deed." The County Court did enter an order approving the deed and the settlement. Thereupon, as stated, the $68,000.00 was paid to Harjo. A quitclaim deed was not delivered but instead a warranty deed conveying the same real estate to the same parties was executed and delivered and placed of record. All of this took place in the early part of February, 1932. Thereafter, no further claim was made against Nitey's estate by Harjo for more than fourteen years, until this action was filed on November 23, 1946.

Appellant's claim that the compromise settlement was a nullity because it was not made on a full understanding of the facts as to Harjo's interest and was not made according to law, is not well founded. Harjo was represented by qualified, competent counsel at all times. The proposed settlement was approved by the Department of Interior and the contract of settlement and the quitclaim deed made pursuant thereto were approved by the County Court. The contract of settlement was clear and free from ambiguity. Its terms were plain and anyone who could read could understand. Furthermore, Harjo himself understood its terms. In his application to the County Court, he stated that he understood the English language and that he knew the contents of the settlement. He recited the terms thereof in his application to the County Court for its approval. He testified in the trial of this case in the English language. There is a complete absence of any facts or circumstances which would warrant a court of equity in setting the settlement aside after it has stood unchallenged for more than fourteen years, during all of which time he retained and enjoyed the fruits of the settlement. The trial court correctly concluded that the compromise settlement precluded Harjo from asserting any claim to any interest in Nitey's estate.

Since Harjo's compromise settlement bars him from asserting any claim to any of Nitey's estate, it is not necessary to consider any of the remaining assignments of error. The judgment of the trial court is Affirmed.